UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        -v-

CHRISTOPHER MALTA,

                Defendant.
_____

**DECISION & ORDER**

09-CR-6018-MAV-1

Presently before the Court is the issue of Defendant Christopher Malta's detention pending a revocation hearing on his alleged violation of the conditions of supervised release. For the reasons set forth below, Malta is ordered to be detained pending his revocation hearing.

## BACKGROUND

On January 22, 2009, Defendant Christopher Malta was convicted by plea on one count of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). ECF Nos. 16–17. On June 10, 2009, Malta was sentenced by Hon. David G. Larimer to 120 months imprisonment and 20 years of supervised release. ECF Nos. 27, 29. Among the "special conditions of supervision" imposed upon Malta at the time of his sentencing was that he "shall not have deliberate contact with any child under 18 years of age unless approved by the probation officer." ECF No. 29 at 4.

Malta was released from the Federal Bureau of Prisons on February 23, 2017, and began his period of supervised release. ECF No. 31. On March 27, 2019, Judge Larimer signed an order modifying the conditions of Malta's supervision

1

after he admitted to being untruthful in regards to accessing the internet using a gaming device. ECF No. 33. On January 30, 2025, this case was transferred to the undersigned. ECF No. 35. On January 31, 2025, the United States Probation Office ("Probation Office") petitioned for the revocation of Malta's supervised release. ECF No. 36.

The Probation Office's petition lists three charges against Malta. *Id*. First, the petition charges Malta with violating the special condition of his supervised release that he shall not have deliberate contact with any child under 18 years of age unless approved by the probation officer. *Id*. at 1–2. Specifically, the petition attests that the probation officer supervising Malta learned that Malta had begun a friendship with two women living in his apartment complex, one of which had a six-year-old daughter and the other a sixteen-year-old daughter, and that Malta had unapproved deliberate contact with the six-year-old daughter on numerous occasions, which included her sitting on Malta's lap on a frequent basis. *Id*. at 2. Second, the petition charges Malta with violating the mandatory condition that he not commit another federal crime, in that he violated 18 U.S.C. § 1001 by making false statements to the probation officer on four separate occassions, when he denied having any deliberate contact with a minor. *Id*. Lastly, the petition charges Malta with violating the standard condition that he follow the instructions of the probation officer, as the probation officer specifically directed him to cease in-person contact with his woman friend and her six-year-old daughter, yet Malta made contact with both of the prohibited individuals within

2

a week of the officer's direction. *Id.*

On February 5, 2025, the parties appeared before the undersigned at which time Malta was ordered temporarily detained pending a detention hearing. The detention hearing was held on February 7, 2025, and Malta's probation officer, Intensive Supervision Specialist Gavin M. Lorenz, expanded upon the allegations from the Probation Office's petition. ECF No. 38. Nevertheless, Malta's counsel maintained that there was no statutory basis for Malta's detention and argued that his further detention would be a violation of the Non-Detention Act. *See* 18 U.S.C. § 4001(a) (prohibiting detention of a U.S. citizen without federal statutory authorization). She also argued that even if Malta's further detention was not a violation of the Non-Detention Act, the evidence showed that he would not flee or pose a danger to any other person or the community, and that there were conditions the Court could impose that did not include detention that would protect the community. *See* Fed. R. Crim. Pro. 32.1(a)(6).

After considering the arguments set forth by counsel for both parties, as well as the circumstances of Malta's alleged misconduct in violation of the special sex offender conditions, the allegations of Malta's untruthfulness, Malta's alleged disregard for the direction of his probation officer, and Malta's prior conviction as a sex offender, the Court found there were no conditions or combination of conditions that the Court could impose upon Malta's supervised release that would adequately assure the safety of the community. ECF No. 39. Accordingly, for all the reasons the Court stated on the record, the Court ordered that Malta

be detained prior to the revocation hearing. *Id.*

While the reasons stated on the record were sufficient to warrant Malta's detention under Federal Rule of Criminal Procedure 32.1, the Court writes the instant Decision and Order at defense counsel's request to clarify the Court's ruling on the argument that there is no statutory authorization for Malta's detention pending his revocation hearing. Relying on a recent decision from the District of Connecticut – *United States v. Mercado*, No. 3:13-CR-181 (SRU), 2025 WL 297429 (D. Conn. Jan. 24, 2025) – defense counsel suggests that 18 U.S.C. § 3143(a) does not authorize Malta's detention pending the revocation hearing. The Court disagrees.

## DISCUSSION

18 U.S.C. § 3583(a) authorizes "[t]he court, in imposing sentence to a term of imprisonment for a felony . . . [to] include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." Indeed, for defendants such as Malta, who have been convicted of a violation of 18 U.S.C. § 2252A, the statute *requires* the court to impose a term of supervised release of no less than five years, and up to life. 18 U.S.C. § 3583(k).[1] The statute also authorizes the court to revoke the term of supervised release, "and require

---

[1] The Supreme Court, in *United States v. Hammond*, 588 U.S. 634 (2019), found part of 18 U.S.C. § 3583(k) to violate the Due Process Clause and Sixth Amendment of the United States Constitution. However, that ruling involved only the last two sentences of the provision, which sought to impose a mandatory minimum sentence of five years following revocation of supervised release for defendants required to register under the Sex Offender Registration and Notification Act. *Id.* at 656. The ruling did not call into question the mandatory minimum term of supervised release that a court must impose when sentencing a defendant following his conviction under 18 U.S.C. § 2252A. *Id.*

4

the defendant to serve in prison all or part of the term of supervised release authorized by the statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3); *see also United States v. Peguero*, 34 F.4th 143, 159 (2d Cir. 2022) (affirming that revocation of supervised release under 18 U.S.C. § 3583(e)(3) is constitutional).

In providing for the revocation of supervised release, 18 U.S.C. § 3583(e)(3) indicates that a court should follow the applicable Federal Rules of Criminal Procedure. Federal Rule of Criminal Procedure 32.1(a)(6) governs a defendant's release or detention pending a hearing on an alleged violation of supervised release. *See* Fed. R. Crim. Pro. 46(d). Rule 32.1(a)(6) states that a person appearing before the Court for a violation of supervised release may be "releas[ed] or detain[ed] under 18 U.S.C. § 3143(a) pending further proceedings." Fed. R. Crim. Pro. 32.1(a)(6). In pertinent part, 18 U.S.C. § 3143(a) states:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a)(1). "The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. Pro. 32.1(a)(6).

The *Mercado* court identified two grounds for its finding that 18 U.S.C.

5

§ 3143(a) could not authorize the detention of a defendant prior to the revocation of his supervised release. First, the *Mercado* court examined 18 U.S.C. § 3143(a)'s application to "a person who has been found guilty of an offense." The court stated that in order to avoid Double Jeopardy concerns, 18 U.S.C. § 3143(a) could only authorize a defendant's detention if "he were found guilty of a *new* offense." *Mercado*, 2025 WL 297429 at *4. The court further reasoned that a defendant awaiting a hearing on an alleged violation of his supervised release had not yet been found guilty, and concluded that 18 U.S.C. § 3143(a) was inapplicable. *Id.* Second, the *Mercado* court stated that a defendant could not be detained prior to the revocation of his supervised release because he is awaiting neither the imposition nor the execution of his sentence, as required by 18 U.S.C. § 3143(a). *Mercado*, 2025 WL 297429 at *4–5.

Having considered the reasons set forth in *Mercado*, as well as the text of the statutes and relevant Supreme Court and Second Circuit precedent, this Court respectfully disagrees with the conclusions of the *Mercado* court. As discussed below, we conclude that 18 U.S.C. § 3143(a) does authorize a judicial officer to detain a defendant on supervised release pending a revocation hearing.

To begin with, binding Supreme Court and Second Circuit precedent holds that sanctions for violations of supervised release are attributable to the defendant's original conviction. *See, e.g., Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute post[-]revocation penalties to the original conviction."); *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)

("Imposition of supervised release is authorized by the original conviction, and so too are the consequences of its violation."). The *Mercado* court's conclusion that 18 U.S.C. § 3143(a) could only authorize a defendant's detention if "he were found guilty of a *new* offense" seems to be inconsistent with this precedent. *See, e.g., Peguero,* 34 F.4th at 161 ("[B]ecause the requirement that a defendant abide by the conditions of supervised release flows directly from the original sentence, revoking a term of supervised release for violating such conditions is not a new criminal prosecution.").

Moreover, the *Mercado* court's conclusions seem to be incongruent with the typical manner in which supervised release and, likewise, violations of supervised release, have been characterized by federal courts. The Supreme Court has stated that, as a component of the initial sentence, "[s]upervised release is a form of post[-]confinement monitoring that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019). Similarly, the Second Circuit has described supervised release as consistent with the court's traditional view of probation conditions: an "act of grace extended to one convicted of a crime through a *suspension of the execution of the sentence* imposed after that conviction." *Villiers v. Decker*, 31 F.4th 825, 834 (2d Cir. 2022) (emphasis added) (quoting *United States v. Markovich*, 348 F.2d 238, 241 (2d Cir. 1965)). In other words, the courts equate the time a defendant is on supervised release to a suspension of the execution of the original underlying sentence insofar as he/she is released on

certain conditions which, if violated, could result in reimprisonment attributable to the defendant's original conviction. *See* 18 U.S.C. § 3583(e)(3) ("The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or a part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . .").

This view of both supervised release and probation as a suspension of the execution of the sentence not only echoes language used in 18 U.S.C. § 3143(a), but also makes clear that judicial officers have the authority to detain a defendant on supervised release or probation while a violation is pending and before the revocation hearing. The "grace" of supervised release may be withdrawn in the discretion of the sentencing court when the court is satisfied that the recipient of its grace is unworthy of it. *Villiers,* 31 F.4th at 834. Thus, "the very purpose of a supervised release revocation hearing is to determine the gravity of the breach of trust committed by the defendant in the context of the 'conditional liberty' he was granted following his conviction of the underlying offenses," and to sanction the defendant, if at all, accordingly. *United States v. Ramos*, 979 F.3d 994, 1001 (2d Cir. 2020). *See also United States v. Phillips*, No. CR21-030-JLR, 2025 WL 484706, at *3 (W.D. Wash. Feb. 13, 2025) (finding *Mercado* unpersuasive, and holding that "even absent the authority granted by § 3143(a) and Rule 32.1(a), the Court has the inherent power to detain individuals" to enforce orders).

Multiple courts in this Circuit and across the country have found that

8

although 18 U.S.C. § 3143(a) does not expressly address the issue of detention pending a supervised release revocation hearing, it nonetheless authorizes such detention because the defendant's situation equates to that of a defendant convicted and awaiting imposition of the sentence. *See United States v. Porter*, No. 03-CR-0129 CPS, 2007 WL 3232502, at *5 (E.D.N.Y. Nov. 1, 2007) (collecting cases, including *U.S. v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994)). This interpretation of 18 U.S.C. § 3143(a) is consistent with the Second Circuit's repeated finding that "revocation of supervised release is not a new criminal prosecution—it is simply an additional sanction authorized by the original sentence based upon the releasee's breach of trust by violating the terms of his conditional release." *Peguero*, 34 F.4th at 162.

In the present case, by including a term of supervised release in Malta's sentence, Judge Larimer granted him "a term of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont*, 587 U.S. at 523. Therefore, the maximum term of imprisonment that Malta faced for his conviction of knowingly possessing child pornography was the 120 months of imprisonment that Judge Larimer ordered, plus – if he is found to have violated the conditions of his release – the full term of his supervised release without credit for the time previously served on post-release supervision. *See Peguero*, 34 F.4th at 160. Because he now stands accused of violating the conditions of his release, Malta awaits the Court's decision as to whether and to what extent he breached the trust involved in a term of supervised release. As such, Malta's

9

position equates to a convicted defendant awaiting the imposition or execution of his sentence and his detention is authorized by 18 U.S.C. § 3143(a). *Porter,* 2007 WL 3232502 at *5; *see also Loya,* 23 F.3d at 1530 and *United States v. Lopez-Tomasini*, No. 20-1191, 2020 WL 12309185, at *1 (1st Cir. 2020) (summary order) (both of which adopt the reasoning from *United States v. Giannetta*, 695 F. Supp. 1254 (D.Me. 1988) that "[t]he pertinent provisions of 18 U.S.C. § 3143, as applicable in these revocation proceedings, equate the probationer's situation to that of a defendant convicted and awaiting imposition of sentence.").

Accordingly, it is hereby ORDERED that Defendant Christopher Malta be detained prior to his revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1).

SO ORDERED.

DATED:   February 18, 2025
         Rochester, New York

                                        /s/ Meredith A. Vacca
                                        HON. MEREDITH A. VACCA
                                        United States District Judge